## AQUILLA DERRICKSON *vs.* JOHN SPRINGER.

The easement of a right of way through another's land may exist by prescription; by grant; by usage, or from necessity.

Quere.—Whether there can be in this country a prescriptive right of way?

THIS was an action of trespass to real property. Pleas, not guilty; justification under a right of way, and by prescription.

On the defence of a justification by right of a private way over plaintiff's land, the court charged as follows:—

Private ways may exist—1. By prescription; 2. by grant; 3. by adverse and uninterrupted use for twenty years and upwards; 4. by necessity.

Whether a right of way can exist in this new country by prescription, we need not decide, as a right by prescription strictly must (it is said) be for time out of memory. The other modes may be said all to exist by grant, as both the right from long usage, and from necessity, presupposes a grant of which they are the evidence. A right of way by necessity, is where one person sells to another a part of a tract of land to which there is no access whatever, except through the grantor's land; the law implies the grant of a right of way from necessity, through such land.

The right of way by usage must be on proof of uninterrupted, adverse usage for twenty years and upwards, in opposition to the owner of the land, and without any reference to a permission or license from him.

On the facts of this case:—Charles Springer, sen., prior to 1789, was the owner of the mansion farm, now owned in part by the defendant. Between that and the limestone road, the farms of Williams and McDonald, now owned by plaintiff intervened; and it was

alledged that there was then and for a long time before, a right of way from the Springer mansion farm, through the Williams and McDonald farm, to the public road. Conceding that this was proved, it was also proved that all three of these farms were purchased by Benjamin Springer, viz: the Charles Springer mansion, in 1789, the Williams tract in 1795, and the McDonald tract in 1805; and if there was any such right of way in the owner of the Springer tract over the other tracts, this easement or privilege was extinguished when the full title in all these tracts vested in Benjamin Springer. He could not hold the entire title to the land, subject to an easement of a right of way in himself; and those who claim under him cannot set up such an easement as existing against him, though it may have existed before this unity of title.

On Benjamin Springer's death the Williams and McDonald tracts were sold for the payment of his debts, and bought by plaintiff; the Springer mansion was assigned in the Orphans' Court to the defendant, and to the widow in dower, without any reservation of a right of way.

If the Springer land had been sold and the other assigned, there might be some pretence of a right of way from necessity ; but on a sale of the land *through which* the way is claimed, there is no necessity of implying the grant of a way by necessity; for it might have been reserved out of the sale.

Verdict for plaintiff.

*Rogers*, for plaintiff.
*Platt*, for defendant.